IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| AARON A. PORTER, SR.,<br><br>        Plaintiff,<br><br>    vs.<br><br>MIKE FERRITER, et al.,<br>individually and in their official<br>capacities,<br><br>        Defendants. | Cause No. CV 10-00012-H-DWM-RKS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Aaron Porter's

Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed

Complaint alleging a denial of parole and denial of medical care. (Court

Doc. 2).

After conducting the screening process required by screening 28

U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court finds certain

Defendants are entitled to Eleventh Amendment immunity and

Plaintiff's parole claims fail to state a claim upon which relief may be

granted.  These defendants and claims will be recommended for

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE  CV 10-00012-H-DWM-RKS / PAGE 1

dismissal.

Plaintiff's medical care claim, as currently plead, also fails to state a claim upon which relief may be granted. But the defects with this claim could potentially be cured by further amendment. Therefore, Plaintiff will be given an opportunity to file an amended complaint regarding his medical care claim.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee for this action of $350.00. Plaintiff submitted account statements showing average monthly deposits of $158.82 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $31.76 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By

separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's account and forward it to the Clerk of Court.

Thereafter, Plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust account.  The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE  CV 10-00012-H-DWM-RKS / PAGE 3

## II.  STATEMENT OF THE CASE

### A.    Parties

Plaintiff is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.

Plaintiff names the following Defendants:  Mike Ferriter, Director of the Montana Department of Corrections; the Montana Department of Corrections; Mike Mahoney, Warden of Montana State Prison; Montana State Prison; Craig Thomas, Executive Director of the Montana Board of Pardons and Parole; Chris McGuire, physician assistant; Nick Cook, Case Manager; Irl Lambertson, case manager; Cynthia Davenport, ADA Coordinator; Brian Callarman, parole analyst; Christine Slaughter, parole analyst; John Rex, Parole Board Member; Darryl Dupurs, parole board member; and James Cameron, TSCTC Coordinator.

### B.    Allegations

#### 1.  Denial of Medical Care

Prior to his incarceration, Plaintiff was diagnosed with post traumatic stress disorder, major depressive disorder, and chronic pain.

He was prescribed five medications and beginning in March 2006, he was seen by doctors on a weekly basis.

Plaintiff was sentenced in May 2007 and was transferred to the Missoula Assessment and Sanction Center where, after a medical intake during which he provided his medical history, until September 2007, Plaintiff was only allowed two medications. When he requested pain medication he was told to take non-prescription analgesics.

In August 2007, Plaintiff was "tapered off" his medications per MASC personnel. This caused Plaintiff anxiety and sleepless nights. Upon his arrival at Montana State Prison, Plaintiff was told he would have to see a doctor in order to get medications.

Based upon these facts, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs.

     2. <u>Parole</u>

On September 12, 2007, Plaintiff was seen by the placement committee at MASC and given boot camp as the only option for parole. Plaintiff underwent a physical in December 2007 and was told that due to his seizure disorder he would be denied entry to boot camp.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE CV 10-00012-H-DWM-RKS / PAGE 5

Thereafter, unbeknownst to Plaintiff, Chris McGuire medically cleared Plaintiff for participation in boot camp.

Based upon these facts, Plaintiff contends he was deprived of a liberty interest without due process and equal protection of the law when he was deprived of his statutory rights when an examination was not conducted to ensure sufficient health for boot camp participation. He alleges Defendants failed to properly review his file to ensure the information was accurate and deprived him of a liberty interest by making boot camp the only option for release after Plaintiff was previously denied entry.

## III.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint
(1) is frivolous, malicious, or fails to state a claim upon
which relief may be granted; or (2) seeks monetary relief
from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have

been paid, the court shall dismiss the case at any time if the court

determines that  . . .  (B) the action or appeal-(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from

such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a

complaint before it is served upon the defendants if it is "frivolous" or

"fails to state a claim upon which relief may be granted."  A complaint

is frivolous if it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104

L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief

may be granted if a plaintiff fails to allege the "grounds" of his

"entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE CV 10-00012-H-DWM-RKS / PAGE 8

survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  Iqbal, 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE  CV 10-00012-H-DWM-RKS / PAGE 9

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

B.  Analysis

    1.  Eleventh Amendment Immunity

The Montana Department of Corrections, Montana State Prison, and all Defendants named in their official capacities are entitled to immunity under the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI; see also Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356 (1974).  The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Hence Plaintiff's claims for damages against the Montana Department of Corrections, Montana

State Prison, and Defendants in their official capacities are not
cognizable in federal court.

Eleventh Amendment immunity does not protect state officials
from federal claims for which a plaintiff seeks prospective equitable
relief. A state official may be sued for prospective injunctive relief from
continuing or impending state action which violates the federal
constitution or a federal statute. See Kentucky v. Graham, 473 U.S.
159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Ex Parte Young,
209 U.S. 123, 159-160, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Armstrong v.
Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997).

Although Plaintiff seeks injunctive relief regarding his release
from prison, that claim is barred by the Heck doctrine as set forth
below. There are no other claims for injunctive relief, therefore
Plaintiff's federal constitutional claims against the Montana
Department of Corrections, Montana State Prison, and Defendants in
their official capacities will be recommended for dismissal.

2.  Boot Camp/Parole

Plaintiff's claim about boot camp and being denied parole is unclear.  To the extent he is challenging a denial of parole and is seeking release from prison such claims are barred by the Heck doctrine.  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 439 (1973); see also Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

Prisoners have no federal constitutional right to parole. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7-11 (1979).  While Plaintiff does not have a right to parole, if the procedures utilized to deny him parole eligibility somehow violated the constitutional there could potentially be a claim.  But Plaintiff has not alleged an unconstitutional procedure.  He contends he was told he was found not physically fit for boot camp and then without another physical he was medically cleared for boot camp.  While Plaintiff may

not agree with the determination to clear him for boot camp, that is merely a difference of opinion and not a constitutional basis upon which to challenge his eligibility for parole.

Even if he could state a federal claim regarding the parole issue, the state parole board officials are entitled to absolute, quasi-judicial immunity from damages in civil rights actions for their acts taken when processing a parole application. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir. 1983) (parole officials are absolutely immune when acting in quasi-judicial capacity in parole revocations). In Sellars, the petitioner alleged California parole officials had conspired to deprive him of rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments by giving him a parole release date that required him to serve an excessively long minimum prison sentence. Sellars, 641 F.2d at 1297. The Ninth Circuit held the parole officials acted in a quasi-judicial capacity in setting petitioner's minimum term, and were thus absolutely immune from suit for damages. Id. at 1302.

As such, Craig Thomas, Brian Callarman, Christine Slaughter, John Rex, and Darryl Dupurs would be absolutely immune from a suit for damages. Plaintiff's parole claim and these Defendants will be recommended for dismissal.

### 3. Denial of Medical Care

The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange,

351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate

"'objectively, sufficiently serious' harm and that the officials had a

'sufficiently culpable state of mind' in denying the proper medical care.

Thus, there is both an objective and a subjective component to an

actionable Eighth Amendment violation."  Clement v. Gomez, 298 F.3d

898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076

(9th Cir. 1995)).

Plaintiff alleged he was tapered off medication in August 2007

which had been prescribed for him in March 2006.  While Plaintiff lists

his diagnosis and lists the prescribed medications, he does not indicate

why each medication was necessary.  He does not state why failing to

prescribe any such medication, or tapering any off, was medically

unreasonable.  Moreover, he does not specifically indicate how the

deprivation of each such medication affected him.

Finally, Plaintiff has failed to identify any Defendant responsible

for the removal of said medications.  A complaint must set forth the

specific facts upon which a plaintiff relies in claiming the liability of

each defendant.  Fed.R.Civ.P. Rule 8(a)(2).  Even a liberal

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE CV 10-00012-H-DWM-RKS / PAGE 16

interpretation of a pro se civil rights complaint may not supply

essential elements of a claim a plaintiff failed to plead.  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).  To establish liability

pursuant to Section 1983, a plaintiff must set forth facts demonstrating

how each defendant caused or personally participated in causing a

deprivation of the plaintiff's protected rights.  Arnold v. IBM, 637 F.2d

1350, 1355 (9th Cir. 1981).  Plaintiff has not identified any defendant

allegedly responsible for the denial of his medications.

        Plaintiff does name Mike Ferriter and Mike Mahoney as

Defendants but he attributes no wrongdoing to these individuals.

Section 1983 imposes liability upon state actors only when their

personal conduct violates a plaintiff's constitutional rights.  Monell v.

Department of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978).  Section 1983 will not impose liability on

supervising officers under a respondeat superior theory of liability.

Monell, 436 U.S. at 691-94.  That is, a defendant will not be held liable

just because they oversee the Department of Corrections or the

Montana State Prison.  Instead, supervising officers, such as Ferriter

and Mahoney, can be held liable under section 1983 "only if they play

an affirmative part in the alleged deprivation of constitutional rights."

King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  The Ninth Circuit

has identified four general situations in which supervisory liability may

be imposed:

> (1) for setting in motion a series of acts by others, or
> knowingly refusing to terminate a series of acts by others,
> which they knew or reasonably should have known would
> cause others to inflict constitutional injury; (2) for culpable
> action or inaction in training, supervision, or control of
> subordinates; (3) for acquiescence in the constitutional
> deprivation by subordinates; or (4) for conduct that shows a
> reckless or callous indifference to the rights of others.

al-Kidd v. Ashcroft, 580 F.3d 949, 965 (9th Cir. 2009) (citing Larez v.

City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).  Plaintiff does

allege these Defendants failed to supervise, control and discipline their

subordinates but he does not link this allegation to his denial of

medical care claim.  He must be more specific in his allegations in order

to state a claim for supervisory liability.  As these are defects which

might possibly be cured by the allegation of additional facts, Plaintiff

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE  CV 10-00012-H-DWM-RKS / PAGE 18

will be given an opportunity to amend his Complaint as to his medical care allegations.

III.  CONCLUSION

    A.  Leave to Amend

    Defendants Montana Department of Corrections, Montana State Prison, and all Defendants named in their official capacities will be recommended for dismissal based upon Eleventh Amendment immunity.  Plaintiff's claims regarding parole fail to state a claim upon which relief may be granted so this claim and Defendants Craig Thomas, Chris McGuire, Nick Cook, Irl Lambertson, Cynthia Davenport, Brian Callarman, Christine Slaughter, John Rex, Darryl Dupurs, and James Cameron will be recommended for dismissal. These are not defects which could be cured by further amendment.

    Plaintiff's medical care claim, as currently plead, also fails to state a claim upon which relief may be granted.  But these defects might possibly be cured by further amendment.  Therefore, Plaintiff may file an amended complaint regarding his medical care claim.

Any amended complaint must consist of short, plain statements telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; (5) when the alleged actions took place; and (6) what injury Plaintiff suffered because of that defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each defendant.  Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute.  Instead, Plaintiff must provide specific factual allegations for each element of each of his claims, and he must state with specificity to which defendants each of his claims apply.  If Plaintiff fails to affirmatively link the conduct of a defendant with an injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.

Rule 18(a) of the Federal Rules of Civil Procedure provides, "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim

may join, as independent or alternative claims, as many claims as it has against an opposing party." Therefore, Plaintiff may bring multiple claims against a single party, but unrelated claims against different defendants belong in different lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). All allegations must be set forth in numbered paragraphs and if Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed.R.Civ.P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed.R.Civ.P. 8; cf. Fed.R.Civ.P. 9(b). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Fed.R.Civ.P. 8. Plaintiff should not include preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like in his amended complaint. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996); see also Crawford-El v. Britton, 523 U.S. 574, 597, 118 S.Ct.

1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Therefore, any amended complaint should not raise claims which were not completely exhausted prior to March 3, 2010 (the date Plaintiff filed his Complaint).

It is inappropriate to attach evidence to a complaint. See Rule 8 of Federal Rules of Civil Procedure. The Court will not be a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until any one fo them comes into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Now,

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE CV 10-00012-H-DWM-RKS / PAGE 22

the submission of evidence is premature as Plaintiff is only required to state the basis for his relief.  Thus, in amending his complaint, Plaintiff should simply state the facts alleging defendants violated his constitutional rights and refrain from submitting exhibits.

Plaintiff's amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.  An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Plaintiff's amended complaint must be complete in itself without reference to any prior pleading.  Once Plaintiff files an amended complaint, the original pleading no longer serves a function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged.  Only the original document must be filed; copies are not necessary.

B.  Request for Counsel

In his request for relief, Plaintiff asks that counsel be appointed to assist him in this matter.  The Court will not consider appointing counsel until after the prescreening process described above has been completed.  Accordingly, Plaintiff's request will be denied without prejudice.  Should the Court identify cognizable claims in Plaintiff's Amended Complaint it determines should be served upon Defendants, Plaintiff may renew his request for appointment of counsel.

C.  Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE

OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

D. Possible "Strike"

If Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE CV 10-00012-H-DWM-RKS / PAGE 25

court may dismiss an action for failure to comply with any order of the Court).

Based on the foregoing, the Court issues the following:

ORDER

1.  Plaintiff's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on March 3, 2010.

3.  On or before May 17, 2010, Plaintiff may file an amended complaint.  If Plaintiff chooses not to file an amended complaint he must file a notice with the Court indicating he wishes to proceed with his initial Complaint.

4.  The Clerk of Court is directed to provide Plaintiff a form for filing an amended complaint.

Further, the Court issues the following:

RECOMMENDATIONS

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE  CV 10-00012-H-DWM-RKS / PAGE 26

1.  Defendants Montana Department of Corrections, Montana State Prison, and all Defendants named in their official capacities should be DISMISSED.

2.  Plaintiff's claims associated with parole and failure to attend boot camp should be DISMISSED for failure to state a claim upon which relief may be granted and Defendants Craig Thomas, Chris McGuire, Nick Cook, Irl Lambertson, Cynthia Davenport, Brian Callarman, Christine Slaughter, John Rex, Darryl Dupurs, and James Cameron should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE  CV 10-00012-H-DWM-RKS / PAGE 27

made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of April, 2010.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE  CV 10-00012-H-DWM-RKS / PAGE 28