

FILED
JUN 0 1 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| AARON A. PORTER, SR., ) | CV 10-12-H-DWM |
| Plaintiff, ) | |
| vs. ) | ORDER |
| MIKE FERRITER, et al., ) individually and in their official ) capacities, ) | |
| Defendants. ) | |

Plaintiff Porter is proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. He asserted claims of denial of parole and denial of medical care. United States Magistrate Judge Keith Strong entered Findings & Recommendation in this matter on April 15, 2010. Plaintiff Porter did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This

Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong found that Defendants Montana Department of Corrections, Montana State Prison, and all Defendants named in their official capacities are entitled to Eleventh Amendment immunity, and he recommended dismissing them from the action. Further, Judge Strong recommended that Porter's parole claims fail to state a claim upon which relief may be granted because there is no constitutional right to parole and the parole board officials are entitled to absolute, quasi-judicial immunity. Upon review, I can find no clear error with Judge Strong's recommendations.

Judge Strong also found Porter's medical care claim failed to state a claim upon which relief may be granted because it does state why decisions regarding his medication were unreasonable, nor does it identify specific defendants responsible for the alleged violation of his rights. However, Judge Strong found that this claim could potentially be cured by amending the complaint, and he gave Porter until May 17, 2010 to file an amended complaint as to his medical care

claim. Judge Strong warned Porter that failure to comply with the order could result in dismissal of the action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Porter has failed to file an amended complaint as directed. I agree with Judge Strong that Porter's medical care claim fails to state a claim upon which relief may be granted. Because Porter did not comply with the Judge Strong's order to file an amended complaint to correct the deficiencies in the medical care claim, his medical care claim is also subject to dismissal. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #6) are adopted in full.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Porter failed to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

Dated this 1st day of June, 2010.

_____
Donald W. Molloy, District Judge
United States District Court